## ANNIE M. FILE

### v.

## COMMISSIONERS OF HIGHWAYS OF THE TOWN OF ST. JACOB ET AL.

*Highways—Certiorari—Record of Proceedings in Establishing Road—Width of Road—Jurors.*

The proceedings for the establishment of the road in question were, as appears from the record, fatally defective under the statute in two respects: 1st. The certificate of the commissioners filed with the justices of the peace described the road as one-half mile in length, but failed to state the *width.* 2d. The venire issued by the justice required the constable to summon six men to serve as jurors "at least one-half of whom shall be residents of the town of St. Jacob," whereas, under the statute, at least one-half should *not* have been residents of that town.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. A. W. METCALFE, for appellant.

Messrs. DALE & BRADSHAW, for appellees.

GREEN, J.   Upon the petition of appellant, a common law writ of *certiorari* was issued against appellees, to certify the record of their proceedings establishing a public road in said town upon the land of appellant. Upon the hearing the Circuit Court quashed the writ, the petition for *certiorari* was dismissed and a *procedendo* awarded at the cost of petitioner. From this order and judgment she took this appeal. Two fatal objections to the validity of the proceedings establishing the highway in question, appear upon the face of the return to the writ. The certificate of the commissioners filed with the justice of the peace, under the provisions of Sec. 41 of Chap. 121, Hurd's Rev. Stat., describes the road as one-half mile in length, but does not describe *the width thereof.* Sec. 30 of the same act provides, "Short roads not exceeding two

miles in length, may be of a width not less than forty feet, nor more than sixty feet."

This omission in the description of the road left the jury without the necessary information to enable them accurately to estimate the damages; they could not know whether the commissioners would establish the road forty feet in width, or sixty feet in width. If the damages were for forty feet and the strip taken should be sixty feet in width, the owner would be wronged, and if a forty-feet strip was taken and damages allowed for taking sixty feet, the taxpayers would be wronged. To avert such consequences, the description of the road in the certificate, required by Sec. 31, must be full and accurate.

The venire issued by the justice required the constable to summon six men to serve as jurors to assess the damages in establishing the road. "*At least one-half of whom* shall be *residents* of the town of St. Jacob."

By the terms of this venire the constable was not required to summon any non-resident, and for aught that appears upon the record, did summon only residents of said town to serve on the jury.

Sec. 44 of said act provides " That *not more than one-half* of such jury *shall be residents* of the town liable to pay the damages in such case."

This provision of the statute is mandatory, and in our judgment the proper construction of Sec. 44 requires that by the venire itself the officer be commanded to summon six persons, *not* more than three of whom shall be residents of the town, liable to pay the damages assessed. For the reasons that the certificate of the commissioners was not such as the statute required to be filed with the justice, before a jury to assess damages could be lawfully summoned, and the venire issued did not comply with the requirements of said Sec. 44, the proceedings of appellees establishing said road should have been quashed.

The judgment of the Circuit Court is reversed and the cause remanded with directions to quash said proceedings.

*Reversed and remanded.*